UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Shane SETTERINGTON, an individual,
Debra Vought, an individual, Jim Setterfield,
an individual, Josh Felix, an individual,
Marianne Heffner an individual, Justin Felix,
an individual, Janet Wimberly, an individual,
Jacob Walny, an individual, Will Wilson, an individual,
Megan Manchenco, an individual, Anthony Zins, an
individual, Scott Samp, an individual, John Powell, an
individual, Diane Spitaelis, an individual, Helen Sral, an
individual, Joe Sral, an individual, Sandy Hopkins, an
individual, Michael Stout, an individual, Angela Felix, an
individual, Anthony Ferry, an individual, Annette Ferry, an
individual, Gordon Kibble, an individual, Bryan Mazurkiewicz,
an individual, Michigan Safe Transfer Center, LLC,
a Michigan Limited Liability Company, and Legal Real
Estate, LLC, a Michigan Limited Liability Company,
                    Plaintiffs,
vs.

Case No. 15-13687
Hon. _____

CITY OF WARREN, a Michigan Municipality,
James R. Fouts, an individual, Lynne Martin, an
individual, Everett Murphy, an individual, Jere
Greene, an individual, Kevin Dailey, an individual.
                    Defendants.

---

ANTHONY LAW FIRM, P.C.
By:  MICHAEL GREINER (P68241)
Attorneys for Plaintiffs
12000 Lutz
Warren, MI 48093
(586) 344-6284
mike@financiallawgroup.com

KIRK, HUTH, LANGE & BADALAMENTI, PLC
By: ROBERT S. HUTH, JR. (P42531)
RAECHEL M. BADALAMENTI (P64361)
ROBERT J. MORRIS (P75864)
Attorneys for Defendants
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900      Fax:  (586) 412-4949
rbadalamenti@khlblaw.com
rmorris@khlblaw.com

---

## NOTICE OF REMOVAL

Defendants CITY OF WARREN, CITY OF WARREN MAYOR JAMES R. FOUTS, LYNN MARTIN, EVERETT MURPHY, CITY OF WARREN POLICE COMMISSIONER JERE GREEN, and CITY OF WARREN POLICE OFFICER KEVIN DAILEY (collectively hereinafter referred to as "Defendants"), by and through their attorneys, KIRK, HUTH, LANGE & BADALAMENTI, PLC, pursuant 28 U.S.C. §1331, §1367, §1441 and §1446, state the following:

1.     On or about September 28, 2015, an action was commenced in the 16th Judicial Circuit Court, County of Macomb, State of Michigan, bearing Case No. 2015-003444-CZ.  The Summons and Complaint constitute all of the process, pleadings and orders served on the Defendants in this matter and a copy is attached to this notice as **Exhibit A**.

2.     Defendants were served with a copy of the Summons and Complaint on or about September 28, 2015.  Thus, Defendants have until October 28, 2015 to effect removal such that this notice is timely.

3.     This Court has subject matter jurisdiction over this action, irrespective or the citizenship or residency of the parties or amount in controversy, under 28 USC §§1331, 1441 and 1446 where Plaintiffs have alleged that one or more of the Defendants, acting under the color of law, have violated 42 USC §1983 [Count I, ¶¶57-66 ], deprived them of due process and equal protection rights [Count I, ¶¶57-66], violated the Americans with Disability Act ("ADA") [Count III, ¶¶74-79), and

2

violated the Fifth and/or Fourteenth Amendments of the United States Constitution [Count 5, ¶¶ 90-95].

4.     Plaintiffs also assert that the Defendants violated certain state laws at Count II for Ultra Vires Activity, Count IV for Fraudulent Misrepresentation, Count VI for Malicious Prosecution and Count VII for Abuse of Process.  This Court may and should exercise supplemental jurisdiction under 28 USC §1367 over these state law claims where they do not raise novel or complex issues of state law and do no predominate Plaintiffs' federal claims.

5.     It is further proper to exercise supplemental jurisdiction where the factual basis for the federal and state claims will be nearly identical and arise out of the same operative facts and, further, to alleviate the burden and expense associated with multiple proceedings for the municipality and public-official/employee Defendants named in this action.

6.     The City of Warren Defendants will promptly file a copy of this Notice of Removal with the 16th Judicial Circuit Court, County of Macomb, State of Michigan where this matter originally presided before the Hon. James M. Maceroni and was assigned Case No. 2015-003444-CZ.

3

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

Respectfully submitted,
**KIRK, HUTH, LANGE & BADALAMENTI**, PLC

By:    s/Raechel M. Badalamenti
       RAECHEL M. BADALAMENTI (P64361)
       ROBERT J. MORRIS (P75864)
       Attorneys for Defendants
       19500 Hall Road, Suite 100
       Clinton Township, MI  48038
       (586) 412-4900  Fax:  (586) 412-4900
Dated:  October 19, 2015       rbadalamenti@KHLBlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2015, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system and also by first class mail, using the United States Postal Service to the following non-ECF participants: MICHAEL GREINER, 12000 Lutz, Warren, Michigan, 48093.

       s/Raechel M. Badalamenti
       RAECHEL M. BADALAMENTI (P64361)
       rbadalamenti@KHLBlaw.com
       19500 Hall Road, Suite 100
       Clinton Township, MI  48038
       (586) 412-4900

# *Exhibit A*

Approved, SCAO

| Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

**STATE OF MICHIGAN**
JUDICIAL DISTRICT
16th JUDICIAL CIRCUIT
COUNTY PROBATE

**SUMMONS AND COMPLAINT**

CASE NO.
15- 1 5 - 3 -4⁴ 4 4 - C Z

Court address
40 North Main Street, Mt. Clemens, MI 48043

Court telephone no.
(586) 469-5351

Plaintiff's name(s), address(es), and telephone no(s).
Michael Shane Stetterington, et.al.

c/o Plaintiff's counsel

v

Defendant's name(s), address(es), and telephone no(s).
City of Warren, James R. Fouts, Lynn Martin,
Everett Murphy, Jere Green, Kevin Dailey

Plaintiff's attorney, bar no., address, and telephone no.
Michael Greiner (P68241)
12000 Lutz
Warren, MI 48093
(586) 344-6284
mike@financiallawgroup.com

c/o City of Warren
One City Square
Warren, MI 48093
(586) 574-4520

JAMES M. MACERONI

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued SEP 28 2015 | This summons expires - DEC 28 2015 | Court clerk Carmella Sabaugh |

*This summons is invalid unless served on or before its expiration date.  This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff.  Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**VENUE**

Plaintiff(s) residence (include city, township, or village)
City of Warren, Michigan

Defendant(s) residence (include city, township, or village)
City of Warren, Michigan

Place where action arose or business conducted
City of Warren, Michigan

09/23/2015
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. 15- 4 4 4 -CZ |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☑ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☑ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
   List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| City of Warren, James R. Fouts | Clerk's Office, One City Square, Warren, MI 48093 | |
| Lynne Martin, Everett Murphy | City of Warren, One City Square, Warren, MI 48093 | |
| Jere Green, Kevin Dailey | Warren Police Department, 29900 Civic Center Blvd., Warren, MI | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature
Michael Greiner
Name (type or print)
Attorney for Plaintiffs
Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                         Date

My commission expires: _____   Signature: _____
                          Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

_____ on _____
                           Day, date, time

on behalf of _____

Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

Michael Shane SETTERINGTON, an Individual
Debra Vought, an Individual
Jim Satterfield, an Individual
Josh Felix, an Individual
Marianne Heffner, an Individual
Justin Felix, an Individual
Janet Wimberly, an Individual
Jacob Walny, an Individual
Will Wilson, an Individual
Megan Manchenco, an Individual
Anthony Zins, an Individual
Scott Samp, an Individual
John Powell, an Individual
Diane Spitaelis, an Individual
Helen Sral, an Individual
Joe Sral, an Individual
Sandy Hopkins, an Individual
Michael Stout, an Individual
Angela Felix, an Individual
Anthony Ferry, an Individual
Annette Ferry, an Individual
Gordon Kibble, an Individual
Bryan Mazurkiewicz, an Individual
Michigan Safe Transfer Center, LLC,
a Michigan Limited Liability Company
Legal Real Estate, LLC,
a Michigan Limited Liability Company

               Plaintiffs,

vs.

CITY OF WARREN,
a Michigan Municipality,
James R. Fouts, an Individual
Lynn Martin, an Individual
Everett Murphy, an Individual
Jere Green, an Individual
Kevin Dailey, an Individual,

               Defendants.

RECEIVED
SEP 2 8 2015
CARMELLA SABAUGH
MACOMB COUNTY CLERK

15 - 3 4 4 4 - CZ

Case No. 15-      -CZ

JAMES M. MACERONI

1

ANTHONY LAW FIRM, P.C.
BY:    MICHAEL GREINER (P68241)
Attorneys for Plaintiffs
12000 Lutz
Warren, MI 48093
(586) 344-6284
mike@financiallawgroup.com

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE
PARTIES ARISING OUT OF THE SAME TRANSACTION
OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT
PENDING IN THIS COURT, NOR HAS ANY SUCH
ACTION BEEN ASSIGNED TO A JUDGE, NOR DO I
KNOW OF ANY OTHER CIVIL ACTION NOT BETWEEN
THESE PARTIES, ARISING OUT OF THE SAME
TRANSACTION OR OCCURRENCE AS ALLEGED IN
THIS COMPLAINT THAT IS EITHER PENDING OR WAS
PREVIOUSLY        FILED        AND        DISMISSED,
TRANSFERRED OR OTHERWISE DISPOSED OF AFTER
HAVING BEEN ASSIGNED TO A JUDGE IN THIS
COURT.

MICHAEL GREINER (P68241)

*COMPLAINT AND JURY DEMAND*

NOW COME the Plaintiffs above, by and through their attorneys Anthony Law Firm, P.C. by

Michael Greiner, and for their Complaint against the Defendants above, submit the following:

*Jurisdiction / Venue*

1.   Plaintiff Michael Shane SETTERINGTON is an individual who lives in the City of Warren,

     County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana

     Act (MMMA), M.C.L. 336.8107(1).

2.   Plaintiff Debra Vought is an individual who lives in the City of Warren, County of Macomb, and

     who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L.

     336.8107(1).

2

3. Plaintiff Jim Satterfield is an individual who lives in the City of Warren, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

4. Plaintiff Josh Felix is an individual who lives in the City of Warren, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

5. Plaintiff Marianne Heffner is an individual who lives in the Township of Chesterfield, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

6. Plaintiff Justin Felix is an individual who lives in the City of Warren, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

7. Plaintiff Janet Wimberly is an individual who lives in the City of Warren, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

8. Plaintiff Jacob Walny is an individual who lives in the Township of Clinton, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

9. Plaintiff Will Wilson is an individual who lives in the City of Warren, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

10. Plaintiff Megan Manchenco is an individual who lives in the City of Roseville, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

11. Plaintiff Anthony Zins is an individual who lives in the Township of Clinton, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

12. Plaintiff Scott Samp is an individual who lives in the City of Warren, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

13. Plaintiff John Powell is an individual who lives in the City of Warren, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

14. Plaintiff Diane Spitaelis is an individual who lives in the City of Roseville, County of Wayne, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

15. Plaintiff Helen Sral is an individual who lives in the Township of Shelby, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

16. Plaintiff Joe Sral is an individual who lives in the Township of Shelby, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

17. Plaintiff Sandy Hopkins is an individual who lives in the City of Sterling Heights, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

18. Plaintiff Michael Stout is an individual who lives in the City of Warren, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

4

19. Plaintiff Angela Felix is an individual who lives in the City of Warren, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

20. Plaintiff Anthony Ferry is an individual who lives in the City of Warren, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

21. Plaintiff Annette Ferry is an individual who lives in the City of Warren, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

22. Plaintiff Gordon Kibble is an individual who lives in the Township of Clinton, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

23. Plaintiff Bryan Mazurkiewicz is an individual who lives in the Township of Shelby, County of Macomb, and who is a qualified patient pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

24. Plaintiff Michigan Safe Transfer Center, LLC is a Michigan Limited Liability Company with its primary place of business located at 29601 Hoover Road, City of Warren, County of Macomb.

25. Plaintiff Legal Real Estate, LLC is a Michigan Limited Liability Company that owns real property located at 29601 Hoover Road, City of Warren, County of Macomb. Its primary place of business is 12000 Lutz, City of Warren, County of Macomb.

26. Defendant City of Warren is a Michigan Municipality located in the County of Macomb.

27. Defendant James R. Fouts is an individual who resides in the City of Warren, County of Macomb, and who serves as Mayor of the City of Warren.

28. Defendant Lynn Martin is an individual who, upon information and belief, resides in the City of

Warren, County of Macomb, and who serves as the Chief Zoning Inspector for the City of Warren.

29. Defendant Everett Murphy is an individual who, upon information and belief, resides in the City of Warren, County of Macomb, and who serves as the Zoning Inspector for the City of Warren.

30. Defendant Jere Green is an individual who, upon information and belief, resides in the City of Warren, County of Macomb, and who serves as the Police Commissioner for the City of Warren.

31. Defendant Kevin Dailey is an individual who, upon information and belief, resides in the City of Warren, County of Macomb, and who serves as a Police Detective in the Special Investigations Division for the City of Warren.

32. This lawsuit involves incidents that occurred within the boundaries of the City of Warren, County of Macomb, Michigan.

33. This matter involves damages in excess of $25,000, but less than $5 million.

34. In addition to their money damages, Plaintiffs are requesting injunctive relief.

35. Plaintiffs intend to move this Honorable Court to certify this case as a class action.

36. This case involves questions of both State and Federal law.

37. As a result, both jurisdiction and venue are proper within this Court.

*Factual Allegations*

38. Plaintiffs Michael Shane SETTERINGTON, Debra Vought, Jim Satterfield, Josh Felix, Marianne Heffner, Justin Felix, Janet Wimberly, Jacob Walny, Will Wilson, Megan Machemco, Anthony Zins, Scott Samp, John Powell, Diane Spitaelis, Helen Sral, Joe Sral, Sandy Hopkins, Michael Stout, Angela Felix, Anthony Ferry, Annette Ferry, Gordon Kibble and Bryan Mazurkiewicz are qualified patients pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.8107(1).

39. Plaintiffs Josh Felix, Justin Felix, Marianne Heffner, Annette Ferry and Bryan Mazurkiewicz are

6

caregivers pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.26421 et seq.

40. Plaintiffs Josh Felix, Justin Felix, Marianne Heffner, Annette Ferry and Bryan Mazurkiewicz

   have a lawful caregiving arrangement with Plaintiffs Michael Shane SETTERINGTON, Debra

   Vought, Jim Satterfield, Janet Wimberly, Jacob Walny, Will Wilson, Megan Machemco,

   Anthony Zins, Scott Samp, John Powell, Diane Spitaelis, Helen Sral, Joe Sral, Sandy Hopkins,

   Michael Stout, Angela Felix, Anthony Ferry, and others.

41. Pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.26421 et seq., Plaintiffs

   Josh Felix, Justin Felix, Annette Ferry, Marianne Heffner and Bryan Mazurkiewicz have assisted

   in the patients' use of Medical Marijuana for Plaintiffs Michael Shane SETTERINGTON, Debra

   Vought, Jim Satterfield, Diane Spitaelis, Janet Wimberly, Jacob Walny, Will Wilson, Megan

   Machemco, Scott Samp, John Powell, Anthony Zins, Helen Sral, Joe Sral, Sandy Hopkins,

   Michael Stout, Angela Felix, Anthony Ferry, Gordon Kibble and others at 29601 Hoover Road,

   Suite A, City of Warren, County of Macomb.

42. The real property located at 29601 Hoover Road, City of Warren, County of Macomb is zoned for

   medical office.

43. Plaintiff Legal Real Estate, LLC has a valid Certificate of Occupancy for 29601 Hoover Road,

   Suite A, City of Warren, County of Macomb.

44. Plaintiff Legal Real Estate, LLC owns the real property located at 29601 Hoover Road, City of

   Warren, County of Macomb, and leases a portion of the real property to Plaintiff Michigan Safe

   Transfer Center, LLC.

45. At all relevant times, Plaintiffs have cultivated in the real property located at 29601 Hoover Road,

   City of Warren, County of Macomb an amount of medical marihuana allowed pursuant to the

   Michigan Medical Marihuana Act (MMMA), M.C.L. 336.26421 et seq.

46. At all relevant times, Plaintiffs have possessed in the real property located at 29601 Hoover Road,

7

City of Warren, County of Macomb an amount of medical marihuana allowed pursuant to the

Michigan Medical Marihuana Act (MMMA), M.C.L. 336.26421 et seq.

47. At all relevant times, Plaintiffs have cultivated medical marihuana in enclosed, locked facilities in
the real property located at 29601 Hoover Road, City of Warren, County of Macomb as required
pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.26421 et seq.

48. In the real property located at 29601 Hoover Road, City of Warren, County of Macomb, Plaintiffs
have engaged in the transfer of medical marihuana between caregivers and patients as allowed
pursuant to the Michigan Medical Marihuana Act (MMMA), M.C.L. 336.26421 et seq.

49. In the real property located at 29601 Hoover Road, City of Warren, County of Macomb, Plaintiffs
have installed security monitors, a security system, and have maintained the real property to a
high level to ensure a safe, secure environment in which such lawful transfers of medical
marihuana can take place between caregivers and their patients.

50. In the real property located at 29601 Hoover Road, City of Warren, County of Macomb, Plaintiff
Legal Real Estate, LLC leases portions of the building to other tenants including a law firm.

51. As a result of their physical impairments, Plaintiffs Michael Shane SETTERINGTON, Debra
Vought, Jim Satterfield, Josh Felix, Marianne Heffner, Justin Felix, Janet Wimberly, Jacob
Walny, Will Wilson, Megan Machemco, Anthony Zins, Scott Samp, John Powell, Diane
Spitaelis, Helen Sral, Joe Sral, Sandy Hopkins, Michael Stout, Angela Felix, Anthony Ferry,
Annette Ferry, Gordon Kibble and Bryan Mazurkiewicz have a physical or mental impairment
that substantially limits one or more major life activities.

52. Defendant City of Warren has not adopted any ordinance that directly regulates the cultivation
and transfer of medical marihuana.

53. Despite the lawful nature of the medical activities on-going in the real property located at 29601
Hoover Road, City of Warren, County of Macomb, Defendants and their agents have repeatedly

made it clear that they would not allow the lawful cultivation and transfer of medical marihuana to occur in the City of Warren. To wit:

a.   Defendant Everett Murphy repeatedly told Plaintiff Bryan Mazurkiewicz that Plaintiffs were in violation of Warren zoning ordinances, despite the fact the Warren does not have a zoning ordinance that addresses medical marihuana, and despite the Michigan Supreme Court's ruling in *Ter Beek v. City Of Wyoming*, 495 Mich. 1; 846 N.W.2d 531; 2014 Mich. LEXIS 194 (2014).

b.   Defendant Lynn Martin, in her capacity as City of Warren Chief Zoning Inspector, told Plaintiff Bryan Mazurkiewicz when he inquired about finding a more appropriate location in Warren in which caregivers may lawfully grow medical marihuana, that "we don't want those kind of people here."

c.   On another occasion when Plaintiff inquired at City Hall in the City of Warren regarding the growth of medical marihuana, was told by Defendant Lynn Martin, in her capacity as City of Warren Chief Zoning Inspector, that "you can't grow marihuana in the City of Warren."

d.   On or about September 18, 2015, Defendant Kevin Dailey in his capacity as a lead detective in the Special Investigations Division of the City of Warren Police Department told Plaintiff Justin Felix that the City of Warren was not allowing the growth of Medical Marihuana in its borders. The Special Investigations Division, pursuant to the City of Warren website, is tasked with the investigation and enforcement of drug laws.

e.   In his State of the City speech on or about April 15, 2015, Defendant James R. Fouts expressed a concern about the expansion of use of the Michigan Medical Marihuana Act, suggesting regulations that would be in violation of the Michigan Supreme Court's ruling in *Ter Beek v. City Of Wyoming*, 495 Mich. 1; 846 N.W.2d 531; 2014 Mich. LEXIS 194

9

(2014).

    f.    On or about September 18, 2015, an individual who is, based upon information and belief, to be an officer in the City of Warren Police Department Special Investigations Division known as "Sticks" told Plaintiffs Bryan Mazurkiewicz and Justin Felix that the transfer of medical marihuana was not allowed in the City of Warren.

54. In support of this unwritten, unlegislated policy in opposition to the Michigan Medical Marihuana Act, the Defendant City of Warren has engaged in an organized effort of ultra vires acts under color of law in an effort to stop the lawful transfer of medical marihuana within its borders. To wit:

    a.    Defendant Everett Murphy has ticketed multiple Plaintiffs on multiple occasions for zoning violations despite the fact that the City of Warren has no zoning ordinance that addresses medical marihuana, and despite the Michigan Supreme Court's ruling in *Ter Beek v. City Of Wyoming*, 495 Mich. 1; 846 N.W.2d 531; 2014 Mich. LEXIS 194 (2014). Defendant City of Warren is prosecuting these tickets, and a hearing is scheduled in the 37th District Court on these matters.

    b.    Defendant Everett Murphy has repeatedly threatened multiple Plaintiffs on multiple occasions to continue ticketing them for zoning violations for their lawful activities despite the fact that the City of Warren has no zoning ordinance that addresses medical marihuana, and despite the Michigan Supreme Court's ruling in *Ter Beek v. City Of Wyoming*, 495 Mich. 1; 846 N.W.2d 531; 2014 Mich. LEXIS 194 (2014).

    c.    On or about July 7, 2015, police officers from the City of Warren executed a warrantless search of the premises located at 29601 Hoover Road. Officers claimed they were authorized to conduct this search due to the consent of Plaintiff Justin Felix who was in the premises at the time. Felix, however, was ordered at gunpoint to allow the police to

10

search.

d.  During the July 7, 2015 warrantless raid, police officers from the City of Warren falsely imprisoned Plaintiffs Justin Felix and Bryan Mazurkiewicz, did not allow them to use their phones, did not allow them access to their counsel, covered over security cameras while the search was conducted, and unlawfully seized legal property. Defendants have refused to respond to calls by Plaintiffs and their counsel for the return of these legal property.

e.  Defendant Jere Green in his capacity as Police Commissioner for the City of Warren sent a letter dated August 15, 2015, ordering Plaintiffs to cease any illegal activity in 29601 Hoover Road, Suite B, despite the fact that the Plaintiffs were not occupying Suite B at the time, and that their activities were not illegal.

f.  Upon information and belief, over a 2 day period on or about September 17 to 18, 2015, Police Officers from Defendant City of Warren stopped all vehicles leaving the 29601 Hoover real property indiscriminately. Drivers in the vehicles were questioned in what amounted to a suspicionless roadblock. Officers told drivers not to return to the real property located at 29601 Hoover Road despite the fact that they were involved in lawful activities, and a number of individuals were stopped who visited other tenants in the building 29601 Hoover Road.

g.  Several drivers leaving 29601 Hoover Road on September 17 and 18, 2015, were threatened with criminal sanctions such as additional tickets and even the loss of driver's license if they told Plaintiffs about this unlawful roadblock.

h.  At least one driver was forced to write a confession under threat of additional punishment despite the fact that she did no illegal activity. This driver was dictated what to write by the City of Warren Police Officer.

11

i.  City of Warren Police again conducted a raid of 29601 Hoover road on September 18, 2015. Again, Plaintiffs Justin Felix and Bryan Mazurkiewicz were falsely imprisoned, not allowed to use their phones, and the police again unlawfully seized legal property.

j.  During the September 18, 2015 raid, the police officer identified as "Sticks" seized all the caregiver and patient cards associated with Plaintiff Bryan Mazurkiewicz without any due process. "Sticks" said that this is "how the City of Warren does it."

k.  Despite repeated calls requesting the return of unlawfully seized property, Defendant City of Warren has not returned this property to Plaintiffs despite the fact that no due process has occurred to deprive them of it.

l.  Upon information and belief, subsequent to the September 18, 2015 raid, agents of the Defendant City of Warren called patients of Plaintiff caregivers telling them that they were Plaintiff Bryan Mazurkiewicz and that the location at 29601 Hoover Road was no longer available for the safe transfer of medical marihuana. Plaintiff Bryan Mazurkiewicz himself made no such calls.

m.  City of Warren police officers unlawfully demanded from Plaintiff Bryan Mazurkiewicz patient records. Such records are private pursuant to the Michigan Medical Marihuana Act.

55. These actions by Defendants have created a climate of hostility and fear that results in Plaintiffs and others who are qualified patients in Macomb County under the Michigan Medical Marihuana Act being unable to get the medicine they need.

56. These actions by Defendants have created a situation where Plaintiff Michigan Safe Transfer Center, LLC has been unable to pay its rent due to Plaintiff Legal Real Estate, LLC, thus depriving Plaintiff Legal Real Estate, LLC of its expectation and constituting an unlawful taking of Plaintiff's real property by Defendant City of Warren.

*Count 1 – Violation of 42 USC §1983*

57. Plaintiffs incorporate all prior allegations as though fully set forth herein.

58. The actions enumerated above were all conducted by agents of Defendant City of Warren acting under color of law.

59. At all material times, Defendant City of Warren employed its agents and is liable for their acts.

60. Defendant City of Warren is also liable for enforcing an unwritten policy opposing the lawful cultivation and transfer of medical marihuana despite State law to the contrary.

61. Plaintiffs' constitutionally protected rights that Defendant City of Warren through its agents violated include:

    a.   Plaintiffs Bryan Mazurkiewicz and Justin Felix's rights to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

    b.   Plaintiffs' rights to procedural due process also protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

    c.   Plaintiffs' rights to protection from unreasonable search and seizure guaranteed by the Fourth Amendment to the United States Constitution.

    d.   Plaintiffs' rights to equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

62. Plaintiffs Bryan Mazurkiewicz and Justin Felix's rights to liberty were violated when Defendants unlawfully imprisoned them during the two fruitless searches of 29601 Hoover Road.

63. Plaintiffs' rights to procedural due process were violated when Defendant City of Warren seized property in two searches and has refused to return this property to Plaintiffs.

64. Plaintiffs' rights to protection from unreasonable search and seizure were violated when officers from Defendant City of Warren conducted a warrantless search on July 7, 2015.

13

65. Plaintiffs' rights to equal protection under the law have been violated by Defendant City of Warren's efforts to stop the lawful transfer of medical marihuana within its borders. Such actions result in Plaintiffs as well as other qualified patients in Macomb County being unable to acquire needed medication, while patients in other counties where the government abides by state law are able to acquire such medication.

66. As a direct and proximate cause of Defendants' violation of Plaintiffs' rights under the United States Constitution, Plaintiffs have suffered embarrassment, humiliation, stress, fear, nightmares, loss of income and physical pain as a result of their inability to get needed medicine.

WHEREFORE PLAINTIFFS respectfully request that this Honorable Court enter a judgment against Defendants for damages together with costs, interest, and attorney's fees.

FURTHERMORE, PLAINTIFFS respectfully request that this Honorable Court order Defendants to return to Plaintiffs all unlawfully seized property.

### Count 2 – Ultra Vires Activity

67. Plaintiffs incorporate all prior allegations as though fully set forth herein.

68. Defendant City of Warren's activity stopping vehicles leaving 29601 Hoover Road was for a criminal investigation without suspicion in violation of Const. 1963, art I, §11.

69. The indiscriminate and suspicionless stopping of vehicles was done pursuant to a policy aimed at scaring patients away from the lawful acquisition of their medicine. This is not expressly or impliedly mandated or authorized by law, making it an ultra vires activity for which Defendants are liable.

70. The repeated issuance of zoning violation tickets despite the lack of any City of Warren zoning ordinance regarding medical marihuana and further despite the Michigan Supreme Court's ruling in *Ter Beek v. City Of Wyoming*, 495 Mich. 1; 846 N.W.2d 531; 2014 Mich. LEXIS 194 (2014) was done pursuant to a policy aimed at stopping the lawful transfer of medical marihuana in the

14

City of Warren. This is not expressly or impliedly mandated or authorized by law, making it an ultra vires activity for which Defendants are liable.

71. The seizure of Plaintiffs' legal property including caregiver and patient cards was done pursuant to a policy aimed at stopping the lawful transfer of medical marihuana in the City of Warren. This is not expressly or impliedly mandated or authorized by law, making it an ultra vires activity for which Defendants are liable.

72. The continued prosecution of zoning violation tickets despite the lack of any City of Warren zoning ordinance regarding medical marihuana and further despite the Michigan Supreme Court's ruling in *Ter Beek v. City Of Wyoming*, 495 Mich. 1; 846 N.W.2d 531; 2014 Mich. LEXIS 194 (2014) was done pursuant to a policy aimed at stopping the lawful transfer of medical marihuana in the City of Warren. This is not expressly or impliedly mandated or authorized by law, making it an ultra vires activity for which Defendants are liable.

73. As a direct and proximate cause of Defendants' violation of Plaintiffs' rights under the Michigan Medical Marihuana Act and the Michigan Constitution, Plaintiffs have suffered embarrassment, humiliation, stress, fear, nightmares, loss of income and physical pain as a result of their inability to get needed medicine.

WHEREFORE PLAINTIFFS respectfully request that this Honorable Court enter a judgment against Defendants for damages together with costs, interest, and attorney's fees.

### Count 3 – Americans with Disabilities Act violations

74. Plaintiffs incorporate all prior allegations as though fully set forth herein.

75. Plaintiffs who are qualified patients under the Michigan Medical Marihuana Act are qualified individuals with disabilities for purposes of the Americans with Disabilities Act (ADA), 42 U.S.C. 12131(2).

76. Defendant City of Warren is a public entity that provides services.

15

77. Defendants have acted in concert to create a climate of hostility and fear in which Plaintiffs and other similarly situated qualified patients are unable to receive needed medication.

78. These actions directly impact Plaintiffs due to their disability.

79. As a direct and proximate cause of Defendants' violation of Plaintiffs' rights under Americans with Disabilities Act, Plaintiffs have suffered embarrassment, humiliation, stress, fear, nightmares, loss of income and physical pain as a result of their inability to get needed medicine.

WHEREFORE PLAINTIFFS respectfully request that this Honorable Court enter a judgment against Defendants for damages together with costs, interest, and attorney's fees, as well as injunctive relief as is authorized in the statute.

### Count 4 – Fraudulent Misrepresentation

80. Plaintiffs incorporate all prior allegations as though fully set forth herein.

81. Upon information and belief, agents of Defendant City of Warren, on or about September 19, 2015, called qualified patients claiming to be Plaintiff Bryan Mazurkiewicz, and telling them that the transfer facility located at 29601 Hoover Road had been closed.

82. Upon information and belief, agents of Defendant City of Warren found the names and phone numbers of qualified patients when the seized the cell phone of Plaintiff Bryan Mazurkiewicz.

83. Plaintiff Bryan Mazurkiewicz never made any such calls.

84. Thus, these representations were material.

85. These representations were false when they were made.

86. Defendant City of Warren's agents knew its representations were false when they were made.

87. Defendants intended that Plaintiffs rely upon these representations.

88. Plaintiffs relied upon these representations when they did not go to the transfer facility located at 29601 Hoover Road to get their needed medicine.

89. As a direct and proximate cause of Defendants' intentional misrepresentation, Plaintiffs have

16

suffered embarrassment, humiliation, stress, fear, nightmares, loss of income and physical pain as a result of their inability to get needed medicine.

WHEREFORE PLAINTIFFS respectfully request that this Honorable Court enter a judgment against Defendants for damages together with costs, interest, and attorney's fees.

### Count 5 – Taking of Real Property without Due Process and Compensation

90. Plaintiffs incorporate all prior allegations as though fully set forth herein.

91. The actions by Defendants have created an atmosphere of hostility and fear under which qualified patients are caregivers are afraid to engage in the lawful transfer of medical marihuana.

92. Due to this climate of hostility and fear, Plaintiff Michigan Safe Transfer Center, LLC has been unable to pay its rent due to Plaintiff Legal Real Estate, LLC, thus depriving Plaintiff Legal Real Estate, LLC of its expectation.

93. Since the activity conducted by Plaintiff Michigan Safe Transfer Center, LLC in providing a safe and secure location for caregivers to cultivate and transfer medical marihuana to their patients are legal under the Michigan Medical Marihuana Act, there is no legitimate governmental or public interest in depriving Plaintiff Plaintiff Legal Real Estate, LLC of its expectation of rent.

94. Plaintiff Legal Real Estate, LLC has not received due process or just compensation for this taking as required by the Fifth and Fourteenth Amendments to the United States Constitution as well as the Michigan Constitution.

95. As a direct and proximate cause of Defendants' activities, Plaintiff Legal Real Estate, LLC has suffered a loss of rent and use of its real property to which it was entitled.

WHEREFORE PLAINTIFFS respectfully request that this Honorable Court enter a judgment against Defendants for damages together with costs, interest, and attorney's fees.

### Count 6 – Malicious Prosecution

96. Plaintiffs incorporate all prior allegations as though fully set forth herein.

17

97. Defendants instituted and initiated the allegations of zoning law violations against Plaintiffs
    Bryan Michael Mazurkiewicz and Legal Real Estate LLC without basis given fact that the City of
    Warren has no zoning ordinance that addresses medical marihuana, and despite the Michigan
    Supreme Court's ruling in *Ter Beek v. City Of Wyoming*, 495 Mich. 1; 846 N.W.2d 531; 2014
    Mich. LEXIS 194 (2014).

98. Upon information and belief, Defendants instituted the investigation for personal reasons, which
    include, but are not limited to the following:

    a.   Vexation

    b.   Damage to Plaintiffs' business

    c.   Damage to Plaintiffs' community reputation

    d.   Political views

99. MCLA 600.2907, MSA 27A.2907 provides for civil and criminal liability for every person who,
    for vexation, trouble, or with malice, causes another to be arrested, attached, or in any way
    proceeded against by any process of civil or criminal action without that person's consent.

100.     The efforts of Defendants to wrongfully prosecute Plaintiffs has led to an environment of
    fear and intimidation in which Plaintiffs and others have been unable to obtain needed medicine.

101.     As a direct and proximate result of Defendants' malicious prosecution, Plaintiffs have
    suffered embarrassment, humiliation, stress, fear, nightmares, loss of income and physical pain as
    a result of their inability to get needed medicine.

WHEREFORE PLAINTIFFS respectfully request that this Honorable Court enter a judgment against
Defendants for damages together with costs, interest, and attorney's fees.

### Count 7 – Abuse of Process

102.     Plaintiffs incorporate all prior allegations as though fully set forth herein.

103.     Defendants instituted and initiated the allegations of zoning law violations against

18

Plaintiffs Bryan Michael Mazurkiewicz and Legal Real Estate LLC without basis given fact that the City of Warren has no zoning ordinance that addresses medical marihuana, and despite the Michigan Supreme Court's ruling in *Ter Beek v. City Of Wyoming*, 495 Mich. 1; 846 N.W.2d 531; 2014 Mich. LEXIS 194 (2014).

104.      Upon information and belief, Defendants have abused their positions of authority within the City of Warren to pursue an agenda opposed to the lawful use of medical marihuana. Such use of process is not legitimate, regular or legal.

105.      The continued prosecution of Plaintiffs has been willful and intentional.

106.      The allegations and misuse of the prosecutory and investigative processes of the City of Warren were improper because Defendants knew, or should have known, that such harassment was without basis in the law.

107.      The efforts of Defendants to wrongfully prosecute Plaintiffs has led to an environment of fear and intimidation in which Plaintiffs and others have been unable to obtain needed medicine.

108.      As a direct and proximate result of Defendants' abuse of process, Plaintiffs have suffered embarrassment, humiliation, stress, fear, nightmares, loss of income and physical pain as a result of their inability to get needed medicine.

WHEREFORE PLAINTIFFS respectfully request that this Honorable Court enter a judgment against Defendants for damages together with costs, interest, and attorney's fees.

Respectfully submitted,

Michael Greifer (P68241)
Attorney for Plaintiffs

19

12000 Lutz
Warren, MI 48093
586-344-6284
mike@financiallawgroup.com

September 28, 2015

20